# ENCLOSURE

277455786v.1

# ~~CONFIDENTIAL~~ SETTLEMENT AGREEMENT AND FULL AND FINAL GENERAL RELEASE OF ALL CLAIMS

This ~~Confidential~~ Settlement Agreement and Full and Final General Release of all claims ("Agreement") is entered into by and between the Plaintiff, SYLVIA MAYORGA ("MAYORGA") on the one hand, and THE NEW YORK STATE DIVISION OF HOMELAND SECURITY AND EMERGENCY SERVICES ("DHSES"), and IRA GREENBERG ("GREENBERG") (hereinafter collectively "DEFENDANTS") on the other hand. MAYORGA, DHSES, and GREENBERG are collectively referred to herein as the "Parties."

**WHEREAS**, MAYORGA through her attorneys, filed a Complaint of discrimination in the Eastern District of New York dated January 24, 2022, and a Second Amended Complaint on February 1, 2023, under Case No. 1:22-CV-00387 (AMD) (RML) (the "Complaint") asserting MAYORGA's claims of, *inter alia*, sexual harassment, gender discrimination, hostile work environment, sexual orientation discrimination, race discrimination, and national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, the New York State Human Rights Law and the New York City Human Rights Law (the "Claims");

**WHEREAS**, the Parties agree that there are bona fide disputes between them with respect to the Claims asserted and regarding the facts that form the basis for the allegations in the Complaint;

**WHEREAS**, the Parties understand that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by the DEFENDANTS of any liability, guilt, non-compliance, or violation of any federal, state, or local statute, order, public policy, law, contract (whether written, oral, express or implied), common law, ordinance, rule, regulation, company policies, practices, or procedures, or of any wrongdoing or duty whatsoever with respect to MAYORGA, whether based in statute, common law, or

305693149v.2

otherwise, and the DEFENDANTS vehemently and expressly deny any and all of the allegations of wrongdoing set forth in the Complaint or otherwise;

**WHEREAS**, the Action and all claims asserted in it, are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph "1";

**WHEREAS**, the Parties wish to resolve any and all disputes, claims, allegations, and causes of action of whatsoever kind, nature or description between them which existed or exist on or before the date that this Agreement is executed and whether or not asserted in the Complaint;

**WHEREAS**, in order to avoid the expense, delay, expenditure of time, inconvenience, and uncertainty of protracted litigation, the Parties wish to fully and finally settle all disputes, claims, allegations, and causes of action of whatsoever kind, nature, or description, between the Parties which existed or exist on or before the date that this Agreement is executed and whether or not asserted in the Complaint;

**WHEREAS**, the Parties have reached an amicable and final resolution on all of MAYORGA's claims against the DEFENDANTS and it is expressly understood that the DEFENDANTS have entered into this Agreement solely for the purpose of avoiding the expense and inconvenience of further proceedings and litigation;

**WHEREAS**, the Parties acknowledge that the Stipulation of Settlement and Dismissal and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except to enforce the provisions of the Stipulation of Settlement and Dismissal.

**NOW THEREFORE**, in consideration of the mutual promises and obligations upon the Parties, as set forth in this Agreement, and in full settlement of the Claims and any other claims

305693149v.2

2

that MAYORGA has, may have, or may have had against the DEFENDANTS of whatsoever kind, nature or description, which existed or could have existed on or before the date this Agreement is executed, as specifically set forth herein, the Parties agree as follows:

1. **Payment/Consideration**: In full consideration of Plaintiff's execution of a Settlement Agreement, the approval of all appropriate state officials in accordance with N.Y. Pub. Off. Law §17, and the dismissal of the Action with prejudice, and subject to any reservation for payment to Medicare or other liens or setoffs, the State of New York, on behalf of Defendants, shall pay the gross sum of two hundred and twenty-five thousand dollars and zero cents ($225,000.00) and DHSES shall pay the gross sum of twenty-five thousand dollars and zero cents ($25,000.00), inclusive of attorneys' fees and costs; , for a gross total sum of two hundred fifty thousand dollars and zero cents ($250,000.00) (the "Settlement Amount") upon the terms and per the "Conditions Precedent to Payments and Effective Date of Settlement" and "Timetable of Payments" set forth in Paragraph "3" herein. The Settlement Amount is allocated by MAYORGA and shall be payable as follows:

   a. DHSES shall pay Twenty-five thousand dollars and zero cents ($25,000.00), made payable by check to "SYLVIA MAYORGA" to be reported on a W-2, for wage-related damages and from which the applicable taxes will be withheld;

   b. The State of New York shall pay One-hundred thirty-three thousand seven hundred and twelve dollars and forty-three cents ($133,712.43) allocated by plaintiff in satisfaction of her non-wage compensatory damages related to her claim for personal physical injuries or physical sickness that led to emotional distress, from which no taxes will be withheld, to be reported on IRS Form 1099-MISC, and to be made payable by check to "SYLVIA MAYORGA"; and

   c. The State of New York shall pay Ninety-one thousand two-hundred and eighty-seven dollars and fifty-seven cents ($91,287.57) designated as attorney's fees, to be reported on IRS Form 1099-MISC, and to be made payable by check to "Mark David Shirian P.C." for MAYORGA's attorney's fees.

The Settlement Amount identified in Paragraphs 1(a) to 1(c) shall be sent *via* first-class

305693149v.2

3

mail to Mark David Shirian P.C., c/o Mark D. Shirian, 228 East 45th Street, Suite 1700-B, New York, New York 10017, after the effective date of settlement and satisfaction of the conditions precedent set out in Paragraph "3".

2. **Full Payment**: The Parties acknowledge and agree that the Settlement Amount identified in Paragraph "1" represents the full extent of the potential liability and monetary and non-monetary obligations of the DEFENDANTS, inclusive of all costs, expenses, attorneys' fees, and any other expenses associated with the settlement of MAYORGA's Claim; and that MAYORGA is not otherwise entitled to anything of value from the DEFENDANTS related to this Claim or any claim that was alleged or could have been alleged prior to MAYORGA's execution of this Agreement. Payments referenced in the Agreement are conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Pub. Off. Law § 17.

3. **Conditions Precedent to Payments and Effective Date of Settlement**: The State of New York and DHSES will move expeditiously to issue the Settlement Amount identified in Paragraph "1", which will not become payable until the occurrence of the following events: the DEFENDANTS' receipt of: (i) an electronic copy of this Agreement, executed by MAYORGA; (ii) all relevant and required tax and other documents consisting of MAYORGA's endorsed IRS Form W4 and W9; (iii) MAYORGA's counsel's endorsed IRS Form W9; and (iv) an executed Stipulation of Discontinuance with Prejudice as provided for in Paragraph "4" below and annexed hereto as **Exhibit A**. The Parties further agree that this Agreement shall become effective when counsel for the DEFENDANTS receive all the items delineated in Paragraph "3" ("Effective Date of Settlement"). Plaintiff understands that the funds may be delayed as same are being distributed from a governmental agency, which has set requirements for distribution.

4. **Stipulation of Discontinuance with Prejudice**: MAYORGA voluntarily

discontinues or dismisses any suit that is currently filed or could be filed in any court, including but not limited to the Court of Claims, that relates to the allegations asserted in the Action and agrees to voluntarily dismiss and discontinue the Claim against the DEFENDANTS, inclusive of attorneys' fees, disbursements, expenses, or and costs, with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Simultaneous with the execution of this Agreement, counsels for the Parties shall execute a Stipulation of Discontinuance with Prejudice, a copy of which is annexed hereto as **Exhibit A**. This Stipulation of Discontinuance with Prejudice shall be held in escrow by counsels for the DEFENDANTS and shall not be publicly filed on the Court's docket until the Settlement Amount referenced in Paragraph "1" above is received by MAYORGA's counsel.

5.   **General Release of Claims by MAYORGA**: For and in consideration of the total payment of $250,000, Plaintiff, on behalf of herself, heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), releases and forever discharges the State of New York, DHSES, and Defendant GREENBERG, together with the State's present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint and all related filings and proceedings in *Mayorga v. Greenberg, et. al.*, 22-CV-00387 (AMD)(RML), or

arising directly or indirectly from Plaintiff's employment or association with any of the Released Parties, including any and all claims under 42 U.S.C. §§ 1981-1988; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206; the Civil Rights Act of 1866, 42 U.S.C. §§ 1982 et seq.; the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 et seq.; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.; the False Claims Act, 31 U.S.C. §§ 3729 et seq; the Employee Retirement Income Security Act of 1974, 9 U.S.C. §§ 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Family and Medical Leave Act of 1993, 29 C.F.R. §§ 8025 et seq.; the Age Discrimination in Employment Act of 1967, §§ 29 U.S.C. § 621 et seq.; the Older Workers Benefit Protection Act of 1990, § 29 U.S.C. § 626 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq.; the New York State Human Rights Law, N.Y. Exec. Law §§ 290, 296 et seq.; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.; New York Labor Law §§ 160, 190, 191, 194, 195, 198, 652, 663 et seq.; New York Labor Law §§ 740, 741 et seq.; Suffolk County Administrative Code; Nassau County Administrative Code; Westchester County Human Rights Law; N.Y. Civ. Serv. Law § 75-b; N.Y. Comp. Codes R. Regs. Title 12 § 142-2-1, 142-2.2; New York State Minimum Wage Act, Labor Law §§ 650 et seq.; the Labor Management Relations Act, 29 U.S.C. §§ 141 et seq.; the Federal Arbitration Act, 9 U.S.C. §§ 10 et seq.; the United States Constitution; the New York State Constitution; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. Plaintiff does not waive or release any nonwaivable statutory protections. Plaintiff does not waive or release claims that may arise after Plaintiff executes the Settlement Agreement.

Plaintiff does not waive or release claims under New York Military Law, under New York Labor Law §§ 220 to 224, or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in the release prohibits Plaintiff from speaking with law enforcement, the Equal Employment Opportunity Commission, the State Division of Human Rights, a local commission on human rights, or an attorney, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

6.  **Exceptions to Release**: This release does not include any claims that cannot be released or waived by law, including MAYORGA's ability to file a claim with or participate in investigations conducted by the Equal Employment Opportunity Commission ("EEOC"), the State Division of Human Rights, or any other local commission on human rights, the New York State Office of the Attorney General ("OAG") and the National Labor Relations Board ("NLRB"), as well as New York Military Law, under New York Labor Law §§ 220 to 224, or any unemployment benefit rights under the New York Unemployment Insurance Law. MAYORGA agrees and acknowledges, however, that she shall not be entitled to receive or recover any money or other individual relief as a result of such filings or actions by any administrative agency. Further, nothing in this Agreement is intended to limit or interfere with MAYORGA's right to engage in any protected activity or provide truthful information related to any investigation, hearing, or proceeding conducted by any state, federal, or local governmental agencies as required by law, nor her right, if any, to participate in concerted activity under the National Labor Relations Act ("NLRA"). Notwithstanding the foregoing, MAYORGA waives any and all rights to recover monetary damages or other recovery in any charge, complaint, or lawsuit filed by her or by anyone else on her behalf based upon events occurring prior to the date she signs this Agreement. The

Parties further understand that this Agreement does not release: (i) any claim that this Agreement has been breached; (ii) any claim that cannot be released by private agreement, including, but not limited to, claims for benefits for occupational injury or illness under the applicable workers' compensation law, for vested rights under a qualifying ERISA plan, any Consolidated Omnibus Budget Reconciliation Act, as amended ("COBRA") rights that MAYORGA may or may not have under the law, or claims for unemployment insurance benefits; or (iii) any rights or claims that may arise from actions taken after the date of execution of this Agreement.

7. **Medicare and Liens**: MAYORGA represents and warrants that she has not assigned or subrogated any aspect of any claims against Releasees or authorized any other person or entity to assert such a claim or claims on her behalf, that there are no outstanding liens in relation to the claims released herein, and that she is not aware of any liens or claims applicable to the proceeds of settlement. MAYORGA represents and warrants that she is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that she does not expect to be a Medicare recipient within the next 30 months. MAYORGA agrees to indemnify, defend, and hold harmless Releasees from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown, or any third-party claims regarding the settlement funds, and stipulates that in the event of any liens, claims, demands, and/or subrogated interests, the sole responsibility to satisfy any such liens, claims, demands and/or subrogated interests that may be asserted or that may in the future exist or be asserted is hers and not Releasees.

This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's interest

and do not reflect any attempt to shift responsibility of past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or MAYORGA's eligibility or entitlement to Medicare or Medicare benefits, will not render the release contained in Paragraph "5" herein void or ineffective, or in any way affect the finality of this liability settlement.

8. **No Hire/Rehire**: MAYORGA agrees not to apply for nor accept any position or assignment with DHSES now or in the future. If, through mistake or inadvertence or otherwise, MAYORGA applies or has applied for employment with DHSES, then she shall withdraw her application immediately upon notice without any recourse, legal or otherwise, and to the extent that MAYORGA has already been hired, she will resign immediately upon notice without any recourse, legal or otherwise. In the event that DHSES acquires or is acquired by an entity that, at the time of the acquisition, already employs MAYORGA, nothing herein shall require MAYORGA to resign her employment. In the event the Parties wish to alter the terms of this paragraph, modification of said paragraph shall be between MAYORGA and DHSES.

9. **Purpose**: The purpose of this Agreement is to avoid litigation and to settle and discharge all claims and demands of whatsoever kind, in law or equity which existed or might have existed, or which were asserted or could have been asserted by MAYORGA against the Releasees through the latest date this Agreement is executed. MAYORGA agrees and acknowledges that: (a) the sum identified in Paragraph "1" above is all she is entitled to receive from Releasees for her claims, inclusive of fees; (b) this Agreement is a fair, reasonable, and equitable compromise of MAYORGA'S claims; and (c) MAYORGA has had the opportunity to consult with competent counsel regarding this Agreement. MAYORGA acknowledges, except as otherwise provided

herein, that Releasees have no other further obligation to her for the payment of alleged damages, actual or liquidated, wages, interest, legal fees, disbursements, income taxes, or any other expenses/fees arising from her employment with DHSES or interactions with the Releasees. MAYORGA further acknowledges that she is receiving the consideration set forth in this Agreement in exchange for the execution of and adherence to the terms of this Agreement and that she is not otherwise entitled to anything of value from Releasees, and that she would not receive said consideration but for the execution of this Agreement.

10. **Taxes and Indemnification**: MAYORGA acknowledges and agrees that neither Releasees nor their counsel have made any representations to MAYORGA regarding the tax consequences of any amounts paid pursuant to this Agreement. MAYORGA specifically acknowledges that she is responsible for all taxes on the settlement amount identified in Paragraph "1" which are disbursed to her without withholding, which are reported to the taxing authorities *via* IRS Form 1099. MAYORGA further acknowledges and agrees that she is relying upon her own legal and/or tax advisors and not upon Releasees in that regard. MAYORGA agrees to pay the employee share of any amount that may be determined to be due and owing as taxes, interest and penalties arising out of the settlement amount which are disbursed to her without withholding by Releasees pursuant to this Agreement, if any. MAYORGA agrees to hold Releasees and their attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP and Porter Thomas Grabell & Baumwoll, P.C., harmless against, and to defend and indemnify Releasees and their attorneys against any lien, claim, or action arising from this settlement or asserted claims against the settlement proceeds, including any and all claims by the Internal Revenue Service, or any other taxing authority or other governmental agency (whether federal, state or local), which may be made against Releasees and their attorneys arising out of or relating to MAYORGA'S failure to

withhold for income or social security tax purposes, or for any other purpose, any portion of the settlement amount which are disbursed to MAYORGA without withholding, and MAYORGA agrees to reimburse Releasees and their attorneys for any resulting payments relative to the same including, without limitation, all penalties and interest payable to the Internal Revenue Service, or any other taxing authority or governmental agency. MAYORGA further agrees that: (i) she will give Releasees and their attorney's immediate written notice of any such claim as set forth in Paragraph "19"; and (ii) she will cooperate with Releasees and their attorneys in the defense of any such claim.

11. **Non-Defamation and Non-Disparagement by Individual Parties**:

   a. MAYORGA agrees that she shall not: (1) defame or make any negative references, or induce or encourage others, directly or indirectly, to defame the DEFENDANTS, or make any negative statements or take any action which: defames and/or derogates the DEFENDANTS, their services, their reputation, or their agents, employees, representatives and/or associated entities in their capacity as such; (2) interfere with the DEFENDANTS or with any of the DEFENDANTS' agents, employees, representative and/or associated entities in their capacity as such in the conduct of their business or profession; or (3) issue any communication, written or otherwise that reflects adversely upon or encourages any adverse action against the DEFENDANTS or with any of the DEFENDANTS' agents, employees, representatives and/or associated entities in their capacity as such, except as a truthful response to any lawful court order or subpoena or other disclosure required by law.

   b. GREENBERG agrees that he shall not: (1) defame or make any negative references, or induce or encourage others, directly or indirectly, to defame MAYORGA, or make any negative statements or take any action which: defames and/or derogates MAYORGA, her services, her reputation, or her agents, employees, or representatives in their capacity as such; (2) interfere with MAYORGA; or (3) issue any communication, written or otherwise that reflects adversely upon or encourages any adverse action against MAYORGA, except as a truthful response to any lawful court order or subpoena or other disclosure required by law.

12. **Neutral Reference by DHSES**: In the event that any prospective employer seeks a reference from DHSES for MAYORGA, MAYORGA shall direct such party to DHSES's

305693149v.2

11

Human Resources Unit at (518) 486-5700 or HR@dhses.ny.gov, who shall only provide MAYORGA's dates of employment and positions held.

13. **Capacity**: The Parties acknowledge that they have the authority and capacity to enter into this Agreement and fully understand the legal effects of executing this document, and each party hereby waives any right to challenge the enforceability of this Agreement on the grounds that they lacked the authority and/or capacity to enter into this Agreement at the time of its execution.

14. **Pending and Future Actions**: Pursuant to and as part of MAYORGA's complete, total, and irrevocable release and discharge of Releasee from any and all legal and equitable civil claims, known or unknown, asserted or unasserted in the Complaint, MAYORGA hereby represents and warrants that she has not commenced or filed any charge, complaint, grievance, demand for arbitration, lawsuits, or claims in any venue or forum that are the same as the claims being released herein against Releasees. MAYORGA further agrees that pursuant to and as part of MAYORGA's releases, MAYORGA agrees to the fullest extent permitted by law, that she has not and will not sue or file a charge, complaint, grievance, or demand for arbitration in any forum which asserts claims that are the same or substantially the same as those being released in this Agreement, or assert or otherwise participate willingly or voluntarily in any claim, arbitration, suit, action, investigation, or other proceeding against Releasees, except as may be required by law or legal process regarding the allegations contained in the Claims. MAYORGA expressly acknowledges that while nothing in this Agreement shall be construed as limiting her right to access an administrative agency, by MAYORGA's execution of this Agreement, she acknowledges that she is barred from obtaining any remedy related to her relationship, employment, and/or the end of her employment with DHSES from any administrative agency, for

claims that are being released pursuant to this Agreement. Nothing in this paragraph shall prohibit MAYORGA from truthfully responding to a court order, other judicial or administrative process, in the event that MAYORGA receives such an order, notice, administrative process, or inquiry, she agrees that in advance of providing any response and within five (5) days of receipt of said order, notice, or administrative process to provide written notice by email and/or mail to Respondent's counsel as set forth in Paragraph "19" below.

15. **Waiver**: Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

16. **Severability**: If any provision of this Agreement is held to be unenforceable, such provision shall be considered to be distinct and severable from the other provisions of this Agreement, and such unenforceability shall not affect the validity and enforceability of the remaining provisions. If any provision of this Agreement is held to be unenforceable as written but may be made enforceable by limitation, then such provision shall be enforceable to the maximum extent permitted by applicable law. In the event this Agreement is held to be unenforceable in its entirety, MAYORGA shall promptly repay all monies previously received by her pursuant to this Agreement. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

17. **Modification**: This Agreement may not be amended, altered, modified or otherwise changed except by a written stipulation signed by each of the Parties.

18. **Reliance**: MAYORGA hereby acknowledges and represents that this Agreement is executed without reliance upon any agreement, promise, statement or representation by or on

behalf of any party except as set forth herein, and hereby acknowledges that no other party hereto nor any agent or attorney of such have made any promises, representations or warranties whatsoever, whether expressed or implied, which are not contained herein in writing concerning the matters set forth herein.

19. **Notice**: Any notice under this Agreement shall be sent by email and first-class mail. If to DHSES, such notice shall be sent to: Wilson Elser Moskowitz Edelman & Dicker, LLP, 150 East 42nd Street, New York, New York 10017, Attn: Nancy Wright, Nancy.Wright@wilsonelser.com. If to GREENBERG, such notice shall be sent to Porter Thomas Grabell & Baumwoll, P.C., 560 Sylvan Avenue, Suite 3061, Englewood Cliffs, New Jersey 07632, Attn: Matthew Grabell, Mgrabell@ptgb-law.com. If to MAYORGA, such notice shall be sent to Mark David Shirian P.C., Attn: Mark D. Shirian, 228 East 45th Street, Suite 1700-B, New York, New York 10017, mshirian@shirianpc.com. A party may change its address or email for notices by providing notice to such effect in accordance with this paragraph.

20. **Opportunity to Consult with Counsel**: MAYORGA hereby affirms and represents that in deciding to execute this Agreement, she has been provided with at least twenty-one (21) days in which to consider the Agreement, has consulted with legal, financial or other personal advisors of her own choosing as she deems appropriate in assessing whether to execute this Agreement, has read this Agreement, and has had it fully explained to her by counsel and is fully aware of this Agreement's contents and legal effect. MAYORGA acknowledges that the preceding paragraphs recite the sole consideration for this Agreement, and that MAYORGA enters into this Agreement freely, without duress or coercion, and based on MAYORGA'S own judgment and wishes and not in reliance upon any representation or promise made by Releasee, other than those contained herein.

21. **Governing Law:** This Agreement is made and entered into in the State of New York and the terms of the Stipulation of Settlement and Dismissal shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims pursuant to this Settlement Agreement. Any action with respect to this Agreement shall be brought in the Eastern District of New York or in a court in the State of New York, County of New York, and the Parties hereby consent to the personal jurisdiction of said courts for said purpose.

22. **Entirety of the Agreement:** This Agreement constitutes the entire agreement between and among the Parties hereto and supersedes any and all other agreements, understandings, negotiations, and discussions, either oral or in writing, expressed or implied, between and among the Parties hereto.

23. **Headings:** The section headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

24. **Counterparts:** This Agreement may be executed in counterparts, and transmitted electronically all of which shall be deemed an original and which together shall constitute one (1) Agreement. Facsimile signatures shall be as valid as original signatures.

Date: 12/20, 2024

_____
**SYLVIA MAYORGA**

State of New York, ~~New York~~ New Jersey
County of Hudson

On December 20, 2024, before me, the undersigned, personally appeared, SYLVIA MAYORGA, and that by her signature on the instrument the individual executed the instrument.

_____
Notary Public

305693149v.2

15

KUSH A PATEL
Notary Public, State of New Jersey
Comm. # 50213600
My Commission Expires 8/28/2028

Date: 1/23/25, 2024

*[signature]*

**THE NEW YORK STATE DIVISION OF HOMELAND SECURITY AND EMERGENCY SERVICES,**
By Elisha S. Tomko

State of New York,
County of ALBANY

On 1/23/2025, 2024, before me, the undersigned, ELISHA TOMKO, personally appeared and that by his signature on the instrument, the individual executed the instrument.

*[signature]*
Notary Public

Renée Behrens
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02BE6290821
Qualified in Albany County
Commission Expires October 15, 2025

Date: 12-18—, 2024

*[signature]*
IRA GREENBERG

HOWARD SHANK
Notary Public, State of New York
No. 01SH6085217
Qualified in Suffolk County
Commission Expires December 23, 20 26

State of New York,
County of Nassau

On November 18th, 2024, before me, the undersigned, IRA GREENBERG, personally appeared and that by his signature on the instrument, the individual executed the instrument.

*[signature]*
Notary Public

305693149v.2

16

# Exhibit A

305693149v.2